IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JOHN CHARLES SPURLOCK, §<br>    Petitioner, §<br> §<br>VS. §<br> §<br>DOUGLAS DRETKE, Director, §<br>T.D.C.J., Correctional §<br>Institutions Division, §<br>    Respondent. § | CIVIL ACTION NO.4:05-CV-146-Y |

ORDER ADOPTING, AS MODIFIED, MAGISTRATE JUDGE'S
FINDINGS AND CONCLUSIONS

In this action brought by petitioner John Charles Spurlock under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on July 11, 2005;

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on August 1, 2005; and

4  The respondent written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on August 2, 2005.

As noted by the magistrate judge, petitioner Spurlock's recitation of grounds for relief under 28 U.S.C. § 2254 is difficult to discern. Because the respondent addressed a ground for relief in his answer not addressed by the magistrate judge, and because the magistrate judge and the respondent have enumerated Spurlock's claims in different order, the Court lists and addresses Spurlock's grounds for relief as follows: Ground One--he has been held more than 100 percent of his sentence because TDCJ is not

considering good- and work-time credits against his sentence due to the nature of his crime (Respondent 4); Ground Two--the denial of release to parole on September 24, 2003, placed him in double jeopardy because the parole board considered the nature of elements of his offense that were not part of the Court record (Respondent 5); Ground Three--the failure of TDCJ to employ the law in effect at the time he committed the offense in 1995, and not the date he began serving his sentence in 1996, subjected him to a more restrictive sex-offender registration requirement and more restrictive conditions on parole eligibility and sentence calculation, in violation of his right to due process and equal protection (Respondent 3); Ground 4--the requirement that he register as a sex offender based on legislation passed after he committed the offense violates various constitutional rights; Ground 5--newly discovered evidence favorable to him was withheld by the prosecutor until April 2003 during proceedings related to a motion for DNA testing (Respondent 2); and Ground 6--his guilty plea was involuntary because it was coerced by a threat of exposure to a 99-year sentence and a threat by the state to prosecute his wife (Respondent 1).

The Court, after de novo review of Spurlock's petition for relief under § 2254, the record, the magistrate judge's report, and the parties objections, concludes that Spurlock 's objections to the magistrate judge's findings and conclusions must be overruled and the petition for writ of habeas corpus, except as to ground 3, should be dismissed and denied for the reasons stated in the

2

magistrate judge's findings and conclusions; but further concludes that respondent Dretke's objection as to ground 3 must be sustained, such that ground 3 should be dismissed as a successive claim filed without permission of the court of appeals. The court further concludes that ground 6 should also be dismissed as a successive claim for the reasons stated in the respondent's answer at section I. Spurlock also filed a motion seeking to add additional challenges to his underlying conviction under Federal Rule of Civil Procedure 60(b). That motion must be denied for the reasons stated in the magistrate judge's findings and conclusions at section I.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are hereby ADOPTED as modified herein.

Spurlock's motion pursuant to Federal Rule of Civil Procedure 60(b) [docket no. 11] is DENIED.

All grounds for relief in Spurlock's petition for writ of habeas corpus are hereby resolved as follows: grounds one and two are DISMISSED WITH PREJUDICE as barred by 28 U.S.C. § 2244(d)(1 ); ground four is DENIED; and grounds three, five, and six are DISMISSED WITHOUT PREJUDICE to Spurlock's right to file a motion in the United States Court of Appeals for the Fifth Circuit for leave to file a successive petition under 28 U.S.C. § 2254.

SIGNED September 14, 2005.

*Terry R. Means*

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE